## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CURTIS HOWELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 23-cv-13154-JEK** |
| ) | |
| **BOSTON COLLEGE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM & ORDER</u>

**KOBICK, J.**

Plaintiff Curtis Howell, who is self-represented, brings this action alleging that on several occasions while using the library at Boston College, he was sedated without his consent and subjected to various forms of assault. Howell has also filed a motion for leave to proceed *in forma pauperis*. For the reasons set forth below, the plaintiff's motion for leave to proceed *in forma pauperis* will be granted and this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### I.    Motion for Leave to Proceed *in Forma Pauperis*.

The financial disclosures made in Howell's motion for leave to proceed *in forma pauperis* adequately demonstrate that he is without income or assets to pay the filing fee. The motion for leave to proceed *in forma pauperis* is, accordingly, granted.

### II.    Review of the Complaint.

When a plaintiff proceeds without legal representation, the Court must construe the complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). Even so, the Court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a claim as factually frivolous when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Howell's complaint alleges that he used the library at Boston College on several occasions in 2022 and 2023. ECF 1, at 1. He states that, during his first visit, he was "detained by brain mapping, neuro-prosthetics, and monitored by cochlear hearing aids and spy ware [and he was] sexually assaulted." *Id.* According to Howell, "the same incidents occurred thereafter a year later while being in the Boston College vicinity at the Bank of America ATM [while he was] conducting bank and sorting papers and [he] was put to sleep [and] detained by brain mapping devices and while [asleep he] was sexually assaulted." *Id.* Howell further states that in 2023, he "went to college campus to study and was repeatedly sexually assaulted as well after being put to sleep by [a] brain mapping device remotely." *Id.* He alleges that he "contacted the police on numerous occasions in connection with these incidents." *Id.* Howell seeks "compensation of the maximum amount that can be receive[d] for this sexual assault and assault and battery" as well as "punitive damages based on the fact the incident took place on multiple occasions." *Id.* at 2.

Even with a generous reading, the complaint does not meet the screening requirements of 28 U.S.C. § 1915(e)(2)(B)(i). *See Howell v. Cambridge Library*, No. 23-cv-13136-MJJ, 2024 WL 249385, at *1 (D. Mass. Jan. 23, 2024) (dismissing complaint that made similar allegations under 28 U.S.C. § 1915(e)(2)(B)(i)); *Howell v. Massachusetts Bay Transp. Auth.*, No. 23-cv-13141-PBS, 2024 WL 150247, *1 (D. Mass. Jan. 11, 2024) (same). While the Court does not question the

sincerity of Howell's belief in his allegations, the term "frivolous," as used in Section 1915(e)(2)(B)(i), does not refer to the subjective intent of a plaintiff or the importance the claim has for the plaintiff. Here, the complaint must be dismissed as frivolous because the allegations "lac[k] an arguable basis" in fact. *Neitzke*, 490 U.S. at 325. In light of the nature of the claims, the Court also finds that amendment would be futile. *See Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that *sua sponte* dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

**III.    Conclusion.**

For the reasons set forth above, the Court hereby orders:

1.      The motion for leave to proceed *in forma pauperis* is GRANTED.

2.      This action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3.      The Clerk shall enter a separate order of dismissal.

**SO ORDERED.**

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: February 27, 2024

3